# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARION COSTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-01995 (APM) |
| STEVEN SCHWAT, et al., | ) |
| Defendants. | ) |

## ORDER

### I.

Plaintiff Marion Coster, a shareholder of UIP Companies, Inc. ("UIP") brings direct and derivative claims against Defendants Steven Schwat, Peter Bonnell, Stephen Cox—Directors of UIP—and Defendant Schwat Realty LLC—a shareholder of UIP—for breach of fiduciary duty, aiding and abetting the breach of fiduciary duty, and civil conspiracy. *See generally* Am. Compl., ECF No. 5 [hereinafter Compl.]. Plaintiff claims that "Defendants have engaged in a brazen and unlawful scheme to deny [her], an elderly widow, any financial remuneration from her 50% ownership in UIP, any role in the affairs and governance of UIP, and any real visibility into the considerable financial success of the Company." *See id.* ¶ 3. Defendants moved to dismiss, arguing that (1) the court does not have subject matter jurisdiction because Plaintiff fails to properly plead the amount in controversy and (2) Plaintiff fails to state plausible claims. *See generally* Defs.' Mot., ECF No. 8, Defs.' Mem., ECF No. 8-1 [hereinafter Defs.' Mem.]. Defendants also ask the court to abstain from hearing this case because Plaintiff brought separate actions for appointment of a custodian and cancellation of a UIP stock sale, which remain pending.

*See id.* at 29–33; *see also* Defs.' Mem, Exs. A and B. For the following reasons, the court denies Defendants' motion.

II.

On the question of jurisdiction, Plaintiff adequately pleads the amount in controversy. For a court to dismiss a case for failure to meet the amount in controversy, it must "appear to a legal certainty that the [alleged] claim is really for less than the jurisdictional amount." *Information Strategies, Inc. v. Dumosch*, 13 F. Supp. 3d 135, 140 (D.D.C. 2014). Put differently, a court must "be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction." *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993). Here, Plaintiff pleads that she "suffered damages in excess of $5 million," Compl. ¶ 61, and she supports the statement with allegations of recent "high-dollar real estate transactions" from which she received no entitled remuneration, *see id.* ¶ 23. To be sure, Plaintiff could have pleaded the amount in controversy with greater particularity. But her complaint is sufficient at this stage to survive a motion to dismiss, because the court cannot say "to a legal certainty" that her claim is for a less than the jurisdictional amount.

III.

With respect to their assertion that the complaint fails to state a plausible claim, Defendants begin by contending that Plaintiff's aiding and abetting claims (Counts 5-8) and civil conspiracy claims (Counts 9-10) must fail because such actions require participation from a non-fiduciary, and all Defendants are alleged to be fiduciaries. *See* Defs.' Mem. at 14–15. Plaintiff responds that these claims are alternative theories of liability, because Defendants may contend that they owed her no fiduciary duty, making these secondary theories primary. *See* Pl.'s Opp'n to Defs.' Mem.,

ECF No. 9 [hereinafter Pl.'s Opp'n], at 14–15. As Plaintiff may plead in the alternative, *see* Fed. R. Civ. P. 8(d)(2), these claims cannot be dismissed at this time.

Defendants also erroneously argue that Plaintiff fails to plausibly plead her breach of fiduciary duty claims (Counts 1-4). *See* Defs.' Mem. at 15–28. In her complaint, Plaintiff sets forth a host of allegations that, when taken together, plausibly allege a breach of fiduciary duty. These allegations include restructuring of UIP's finances to prevent a profit accruing to Plaintiff, redirecting real estate projects, improperly using UIP's resources, foregoing annual meetings, preventing access to UIP's records, incurring substantial liabilities, and effecting a sham stock sale. *See* Compl. ¶ 57. To rebut these allegations, Defendants rely on evidence regarding UIP's corporate structure and practices. *See, e.g.* Defs.' Mem. at 20 (breaking down the total income of UIP subsidiaries); *see, e.g. id.* at 26 (reframing Mr. Bruggen's stock sale). Such evidence may ultimately support winning defenses. But, at this stage, the court must view all non-conclusory allegations in the light most favorable to Plaintiff and draw all reasonable inferences in her favor. Applying that standard, Plaintiff "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants also seem to assert that Plaintiff cannot bring her derivative claims because she failed to plead futility. *See* Defs.' Mem. at 8. To show whether a demand to a board of directors would be futile, a plaintiff must offer particularized facts to "create a reasonable doubt that: 1) the directors are disinterested and independent; or 2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984). Plaintiff has met this standard. For instance, Plaintiff contends that, facilitated by an alleged sham stock sale by which Director Bonnell acquired 1/3 of UIP's stock, the remaining directors formed a voting block to thwart and undermine Plaintiff's interests. *See* Compl. ¶¶ 69–

70.  If these allegations are true, presenting derivative claims to these directors would be futile. Further, Plaintiff has raised doubts that the stock sale was a product of business judgment.  *See id.* ¶ 47 (alleging sale was "a small fraction of its fair market value").  Plaintiff therefore has adequately pleaded the futility of presenting her derivative claims to UPI.

Lastly, Defendants ask the court to exercise *Younger* or *Colorado Valley* abstention, or to stay the case until the parallel Delaware proceedings are resolved.  *See* Defs.' Mem. at 29–33; *see also* Defs.' Reply, ECF No. 10, at 17–19.  Neither abstention doctrine is applicable here, and the court will not exercise its discretion to issue a stay.

IV.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 8, is denied.  The parties shall submit a Joint Status Report to the court by May 6, 2019, updating the court on the consolidated Delaware proceedings, 2018-0440-SG and 2018-0622-SG.

Dated: April 26, 2019

Amit P. Mehta
United States District Court Judge