IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARION COSTER, *et al.*,  )<br>  )<br>    *Plaintiffs*,  )<br>  )<br>    v.  )<br>  )<br>STEVEN F. SCHWAT, *et al.*,  )<br>  )<br>    *Defendants*.  )<br>_____)| Civil Action No. 18-CV-1995-APM |

### **SUPPLEMENTAL REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

To deflect from their refusal to produce numerous categories of financial information about themselves and the SPEs, Defendants impugn Mrs. Coster's motives and repeat the baseless refrain that none of the requested information is "relevant"—even though Defendants' suppression of UIP's profits for the benefit of the SPEs is at the center of this case, and even though Defendants have now conceded that they do not run UIP for the benefit of its shareholders. They also make the incredible assertion that UIP's general ledgers "reflect no funds that were siphoned off from UIP" (*see* Opp. at 2)—a statement which could only be true if Defendants' definition of the word "siphoned" does not mean what it plainly means, and somehow does not include the myriad methods already uncovered by Mrs. Coster that Defendants have used to depress UIP's profits. The following are necessary to disentangle the intertwined finances of UIP and the SPEs:

**Request 27.** The Defendant LLCs' bank account statements are among the most critical documents sought by Mrs. Coster, and are necessary to trace flows of funds from inception to completion. These are relevant because the Individual Defendants use the Defendant LLCs as intermediaries to (i) invest in SPEs and (ii) receive deposits from UIP and SPEs.

**Requests 1 & 2.** Mrs. Coster has agreed to produce her tax returns in response to a request from Defendants. Defendants cannot seriously contend her tax returns are relevant but theirs are

1

not. Without their tax returns, Mrs. Coster cannot fully assess the extent to which Defendants have received distributions—including interest or dividends—from the SPEs. *See Am. Air Filter Co., Inc. v. Kannapell*, No. 85-cv-3566, 1990 WL 137385, at *3 (D.D.C. Sept. 10, 1990) (ordering defendants to produce tax returns where plaintiff alleged that defendants breached their fiduciary duties by "divert[ing] business opportunities to themselves").

**Interrogatory 15** seeks basic background information about the SPEs in which Defendants have invested but Mrs. Coster has not; this information relates to Mrs. Coster's allegations that Defendants have benefitted those entities to the detriment of UIP and Mrs. Coster. Defendants' burden objection lacks any specificity and is facially insufficient. *See Tequila v. Bacardi & Co.*, 242 F.R.D. 1, 8 (D.D.C. 2007) ("the objecting party must make a specific, detailed showing of how the interrogatory is burdensome . . . .").

**Request 26 and Interrogatories 9 & 10**. The identify of Defendants' accountants and communications with the same are directly relevant to the structuring of UIP's finances to avoid realizing a significant net profit, as Defendants have expressly communicated with their accountants about that issue. *See* Ex. A (Schwat email with one accountant discussing same).[1]

**Interrogatory Nos. 11 & 12.** Mrs. Coster requests that Defendants identify all financial benefits they have received from any SPE. This information is ***not*** clearly discernible from general ledgers (which Defendants have also refused to produce)—but if it were, it would not be difficult to compile.

**Request 6.** Personal guarantees are relevant because Defendants put personal guarantees at issue in arguing their conduct is justified because Mrs. Coster did not sign "personal guarantees that lenders require for the managing members of further projects." Opp to Mot. Compel at 3.

---

[1] Defendants have also subpoenaed Mrs. Coster's personal accountant for his communications with Mrs. Coster and her financial statements and tax returns—even though it is Defendants' finances, not Mrs. Coster's, which are at issue in this case.

Dated: December 21, 2021                    Respectfully submitted,

                                              **AEGIS LAW GROUP LLP**

By:     /s/ *Serine Consolino*
       Michael K. Ross (D.C. Bar No. 458573)
       Serine Consolino (D.C. Bar No. 1033847)
       Branden Lewiston (D.C. Bar No. 252550)
       801 Pennsylvania Ave., N.W. – Ste. 740
       Washington, DC 20004
       Tel: (202) 737-3373
       mross@aegislawgroup.com
       sconsolino@aegislawgroup.com

*Counsel for Plaintiffs*