**EXHIBIT 2**

**UIP's Objections and Responses to Plaintiffs' Fourth Requests for Production**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARION COSTER, *et al.*, | ) |
| | ) |
| *Plaintiffs* | ) |
| | ) |
| v. | )    Civil Action No. 18-CV-1995-APM |
| | ) |
| STEVEN F. SCHWAT, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| _____ | ) |

**UIP COMPANIES, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FOURTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Defendant UIP Companies, Inc. ("UIP Companies") hereby submits its objections and responses to Plaintiff's Fourth Set of Requests for Production of Documents.

**GENERAL OBJECTIONS**

In addition to the objections specifically asserted below, UIP Companies asserts the following general objections, which are applicable to all of the requests:

1. By producing documents, UIP Companies does not concede, and reserves all objections with respect to, the relevance, materiality, or admissibility of such documents.

2. By agreeing to produce any category of requested documents, UIP Companies is not making a representation that any such documents exist, but only that if such documents do exist and can be found following a reasonably diligent search, they will be produced.

3. UIP Companies objects to these requests to the extent they purport to require the disclosure of communications, documents, or information prepared in anticipation of litigation or protected by the work product doctrine or subject to a claim of privilege, including, without

limitation, the attorney-client privilege.  UIP Companies hereby claims such privileges and protections to the extent they are implicated by these requests, and it excludes privileged and protected information from its responses to these requests.  Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges and protections. A privilege log listing all relevant and responsive documents being withheld due to a privilege or protection will be forthcoming.

4.      UIP Companies objects to these requests to the extent that they purport to require the production of documents that are not in its possession, custody, or control.

5.      UIP Companies objects to these requests to the extent that they seek production of documents that were already produced to Mrs. Coster in the matters styled as *Coster v. UIP Companies, Inc., et al.*, C.A. No. 2018-0440-KSJM (Del. Ch. Ct.) ("Delaware Action"); *Coster Realty v. Schwat Realty, et al.*, Case No. 481393-V (Md. Cir. Ct.) ("Maryland Action"); or *Coster Realty, et al. v. Schwat et al.*, Case No. 2020 CA 001430 B (D.C. Super. Ct.) ("D.C. Superior Court Action").  UIP Companies will not re-produce documents previously produced in the Delaware, Maryland, or D.C. Superior Court Actions.

6.      UIP Companies objects to the definition for "You," "Your," and "UIP Companies," provided in Plaintiff's requests to the extent Plaintiff includes in the definition references to any person or entity other than UIP Companies or its wholly owned subsidiaries (namely, UIP General Contracting, Inc.; UIP Property Management, Inc.; and UIP Asset Management, Inc.) as the definition is vague, overly broad and unduly burdensome.  These requests are directed solely to UIP Companies as a party to this action, and therefore UIP Companies will respond only on behalf of itself and its wholly owned subsidiaries, and to the extent it agrees to produce documents, such production will extend only to those documents within UIP Companies' possession, custody, or

control.  UIP Companies shall therefore construe the terms "You," "Your," and "UIP Companies," as used in the requests below to refer only to UIP Companies, Inc. and its wholly owned subsidiaries.

7.     UIP Companies objects to the definitions provided for the terms "Capitol Park Tower" and "The Kiley" to the extent they purport to include both the properties themselves and all entities that either own or at any time owned those properties directly or indirectly; the expansive nature of the definition renders the terms vague and confusing as used in any particular discovery requests.  For purposes of these requests, UIP Companies will interpret the terms to refer to the respective properties, and the entities that currently hold a direct or indirect ownership interest in those properties.

8.     UIP Companies objects to Instruction 4 included in Plaintiff's requests to the extent it purports to require references to any natural person to be deemed to include persons or entities other than the natural person identified, as the instruction is vague, overly broad, and unduly burdensome.  UIP Companies will construe references to any natural person to refer only to the person identified.

9.     UIP Companies objects to Instruction 5 included in Plaintiff's requests to the extent it purports to require references to any non-natural person to be deemed to include persons or entities other than the non-natural person identified, as the instruction is vague, overly broad, and unduly burdensome.  UIP Companies will construe references to any non-natural person to refer only to the person or entity identified.

10.     UIP Companies reserves the right to amend or supplement its responses based on the discovery of other relevant information.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 51:**

All communications with investors—including but not limited to Kayne Anderson, Lubert-Adler, and Friends and Family Investors—relating to the 2018 Transactions, including relating to rolling over or reinvesting distributions or other proceeds from the 2018 Transactions.

**RESPONSE:**

In addition to its general objections, UIP Companies objects that this request is overly broad and unduly burdensome in that it seeks "all communications" with a significant number of contacts relating in any way to the 2018 Transactions; this would include an expansive universe of documents and impose an undue burden on the Company to identify, collect, and review potentially responsive materials.  UIP further objects to producing information regarding confidential communications regarding the personal investments of third-parties who have no involvement in this litigation.  Finally, UIP Companies objects that, in light of Defendants' renewed offer to Mrs. Coster to invest in Capitol Park Tower and the Kiley (with the full benefit as if she had invested from inception), Plaintiffs' claims relating to Capitol Park Tower or the Kiley are moot, and consequently discovery requests pertaining to such claims are irrelevant.


**REQUEST NO. 52:**

Phone records of calls with Friends and Family Investors from April 1, 2018 to January 31, 2019.

**RESPONSE:**

In addition to its general objections, UIP Companies objects that, in light of Defendants' renewed offer to Mrs. Coster to invest in Capitol Park Tower and the Kiley (with the full benefit as if she had invested from inception), Plaintiffs' claims relating to Capitol Park Tower or the

Kiley are moot, and consequently discovery requests pertaining to such claims are irrelevant. UIP Companies further objects that this request seeks confidential information regarding communications with third-parties regarding their personal investments, and such information is irrelevant even to Plaintiffs' original claims.

**REQUEST NO. 53:**

All documents and communications, from January 1, 2018 to December 31, 2019, relating to crowdfunding for Capitol Park Tower and The Kiley.

**RESPONSE:**

In addition to its general objections, UIP Companies objects that, in light of Defendants' renewed offer to Mrs. Coster to invest in Capitol Park Tower and the Kiley (with the full benefit as if she had invested from inception), Plaintiffs' claims relating to Capitol Park Tower or the Kiley are moot, and consequently discovery requests pertaining to such claims are irrelevant.

**REQUEST NO. 54:**

All documents and communications relating to or referencing the July 16, 2018 appraisal of The Kiley—prepared by Newmark Knight Frank with Job No. 750-2018-0066—or any other appraisal or assessment of value of Capitol Park Tower or The Kiley.

**RESPONSE:**

In addition to its general objections, UIP Companies objects that, in light of Defendants' renewed offer to Mrs. Coster to invest in Capitol Park Tower and the Kiley (with the full benefit as if she had invested from inception), Plaintiffs' claims relating to Capitol Park Tower or the Kiley are moot, and consequently discovery requests pertaining to such claims are irrelevant.

**REQUEST NO. 55:**

All documents and communications, since April 1, 2015, relating to You or any other person or entity providing personal recourse or a loan guarantee relating to Capitol Park Tower or The Kiley.

**RESPONSE:**

In addition to its general objections, UIP Companies objects that, in light of Defendants' renewed offer to Mrs. Coster to invest in Capitol Park Tower and the Kiley (with the full benefit as if she had invested from inception), Plaintiffs' claims relating to Capitol Park Tower or the Kiley are moot, and consequently discovery requests pertaining to such claims are irrelevant. UIP Companies further objects on the basis that, in response to Mrs. Coster's requests following the renewed investment offer from Defendants, Plaintiffs have already been provided with copies of all personal recourse or loan guarantees executed in connection with Capitol Park Tower or The Kiley.

Dated: December 16, 2021                    Respectfully submitted,


                                            /s/ *William C. Miller*
                                            Deborah B. Baum (D.C. Bar No. 393019)
                                            William C. Miller (D.C. Bar No. 187447)
                                            PILLSBURY WINTHROP SHAW
                                            PITTMAN LLP
                                            1200 Seventeenth Street, NW
                                            Washington, DC 20036
                                            Telephone: 202.663.8000
                                            Facsimile: 202.663.8007
                                            deborah.baum@pillsburylaw.com

                                            *Counsel for Defendants Steven Schwat, Peter*
                                            *Bonnell, Stephen Cox, Schwat Realty LLC,*
                                            *Bonnell Realty LLC, Cox Realty LLC, and*
                                            *Nominal Defendant UIP Companies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2021, a copy of the foregoing was served via email to all counsel of record for the above-captioned case.

*/s/ William C. Miller*
William C. Miller