UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARION COSTER & COSTER REALTY LLC, ) ) ) ) Plaintiffs, ) ) v. ) ) STEVEN SCHWAT et al., ) ) Defendants. ) | Case No. 18-cv-01995 (APM) |

### ORDER

Plaintiff Marion Coster is a one-half owner of Defendant UIP Companies, Inc. She and her wholly owned corporation, Coster Realty LLC, have sued UIP, three of its directors ("Individual Directors"), and various related entities in what is in part a shareholder derivative suit. *See* Second Am. Compl. for Damages, Declaratory J., & Inj. Relief, ECF No. 48. Since the start of the case, the law firm of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") has represented UIP and the Individual Directors. Plaintiffs now seek to disqualify Pillsbury from continued representation of UIP. Pls.' Mot. to Disqualify Counsel, ECF No. 54 [hereinafter Pls.' Mot.]. The court must grant Plaintiffs' motion.

The long-settled rule in this Circuit is that, in a stockholder derivative suit, "the corporation and the individual defendants [must] be separately represented." *Murphy v. Washington Am. League Base Ball Club, Inc.*, 324 F.2d 394, 398 (D.C. Cir. 1963). "The corporation has certain definite institutional interests to be protected, and the counsel charged with this responsibility should have ties on a personal basis with neither the dissident stockholders nor the incumbent officeholders." *Yablonski v. United Mine Workers of Am.*, 448 F.2d 1175, 1181 (D.C. Cir. 1971).

Pillsbury here represents both UIP—the corporation with "definite institutional interests"—and the "incumbent officeholders." Under *Murphy* and *Yablonski*, Pillsbury cannot continue its representation of UIP while at the same time representing the Individual Directors.

Defendants' efforts to avoid this result are unpersuasive. First, they argue that a different rule is warranted when, as here, the derivative action is against a "closely-held corporation." Defs.' Opp'n to Mot. to Disqualify, ECF No. 58 [hereinafter Defs.' Opp'n], at 5. "[S]pecial considerations" are present in such a case, they say, that permit Pillsbury to represent both the company and the Individual Directors. *See id.* at 5–7. But that is not the law in this Circuit. *Murphy* itself involved a "closely-held corporation," 324 F.2d at 396, and yet the Circuit still required separate representation of the corporation and the individual defendants, *see id.* at 398. The same is true here.

Next, Defendants argue that separation is not required because Plaintiffs have not shown any prejudice arising from Pillsbury's concurrent representation. Defs.' Opp'n at 7–9. That, too, is not the law of this Circuit. Neither *Murphy* nor any other opinion of the D.C. Circuit requires a plaintiff to make a showing of prejudice as a predicate to compelled separate representation. The purported absence of such prejudice does not defeat Plaintiffs' motion.

Finally, Defendants argue that Plaintiffs' request for disqualification comes too late. Defs.' Opp'n at 9–10. *Yablonski* arose in an analogous setting involving concurrent representation of a union and its officers. There, the D.C. Circuit said that the "proper" time for concurrent representation to end is after counsel "establish[es] the nature of the lawsuit by interrogatories and filing answers on behalf of both the union and the individual officers in order fully to protect the position of all parties." 448 F.2d at 1182. Here, Defendants answered the Amended Complaint on May 10, 2019. Answer, ECF No. 13. After an early round of summary judgment briefing, in

which the court ruled in favor of Ms. Coster, discovery commenced on March 25, 2021. Order, ECF No. 35. Plaintiffs appear to have answered UIP's initial set of interrogatories in October or November 2021. Pls.' Reply in Supp. of Pls.' Mot., ECF No. 62, at 13. Soon after, Plaintiffs asked Pillsbury to withdraw as counsel to UIP (after having earlier raised the issue in both this case and a related Delaware litigation). Pillsbury declined. Among other reasons, it asserted "it is precisely the role of the Company's counsel to determine the basis of any claims of wrongdoing through discovery." Pls.' Mot., Ex. 2, ECF No. 54-2, at 5 (citing *Yablonski*). Plaintiffs then filed this motion on November 24, 2021. *See* Pls.' Mot. Under *Yablonski*, Plaintiffs' filing of a disqualification motion—after Defendants answered the complaint and Plaintiffs responded to Defendants' initial round of interrogatories—is not untimely.

Defendants ask that if the court were to grant Plaintiff's motion that it allow UIP to continue in this action unrepresented to avoid incurring additional legal fees. Defs.' Opp'n at 7 n.3. The court cannot grant that request. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993). UIP therefore cannot proceed unrepresented.

The court is mindful that disqualifying counsel is a "drastic measure" and "disfavored." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 965 F. Supp. 2d 104, 110 (D.D.C. 2013) (internal quotation marks and citation omitted). Nevertheless, the court is constrained by Circuit precedent. It must disqualify Pillsbury from further representation of UIP.

New counsel for UIP shall enter an appearance no later than April 25, 2022.

Dated: April 11, 2022

Amit P. Mehta
United States District Court Judge